UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PROGRESSIVE FOODS, LLC, | ) | CASE NO. 1:07 CV 3424 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| DUNKIN' DONUTS INCORPORATED, | ) | **ANSWER OF DUNKIN' DONUTS, INC.** |
| BASKIN-ROBBINS USA, CO., and | ) | **AND OTHER DEFENDANTS TO FIRST** |
| THIRD DUNKIN' DONUTS REALTY, INC., | ) | **AMENDED VERIFIED COMPLAINT** |
| | ) | **AND DEFENDANTS' AND THIRD** |
| Defendants and Plaintiffs-in-Counterclaim and Third Party Complaint, | ) | **PARTY COMPLAINT, WITH** |
| | ) | **ATTACHMENTS** |
| | ) | |
| v. | ) | |
| | ) | |
| EITAN FLANK, MIKE FLANK, SHAUL | ) | |
| FLANK, JOEL SAUSEN, and KEVIN | ) | |
| DAUBENMIRE, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

Defendants Dunkin' Donuts Franchised Restaurants LLC, successor-in-interest to Dunkin' Donuts Incorporated, Baskin-Robbins Franchised Shops LLC, successor-in-interest to Baskin-Robbins USA, Co., and DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, successors-in-interest to Third Dunkin' Donuts Realty, LLC and Third Dunkin' Donuts Realty, Inc. (collectively "Defendants," or "Plaintiffs-in-Counterclaim") hereby answer the Verified Complaint of Progressive Foods, LLC (or "Plaintiff") as follows:

1.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1.  To the extent an answer is necessary, Defendants hereby deny the allegations contained in paragraph 1.

2.     Defendants deny the allegations contained in paragraph 2 on the basis that Plaintiff has designated the wrong entity name, state of incorporation and principal place of business for Baskin-Robbins USA Co.  The correct name is Baskin-Robbins Franchised Shops

LLC, successor-in-interest to Baskin-Robbins USA Co.  Defendant Baskin-Robbins Franchised Shops LLC is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts 02021.

3.      Defendant Baskin-Robbins admits that it regularly conduct business in the County of Cuyahoga, State of Ohio.  Defendants deny the remaining allegations contained in paragraph 3.

4.      Defendants deny the allegations contained in paragraph 4 on the basis that Plaintiff has designated the wrong entity name, state of incorporation and principal place of business.  The correct name is Dunkin' Donuts Franchised Restaurants LLC, successor-in-interest to Dunkin' Donuts Incorporated.  Defendant Dunkin' Donuts Franchised Restaurants LLC is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts 02021.

5.      Defendant Dunkin' Donuts admit that it regularly conducts business in the County of Cuyahoga, State of Ohio.  Defendants deny the remaining allegations contained in paragraph 5.

6.      Defendants deny the allegations contained in paragraph 6 on the basis that Plaintiff has designated the wrong entity name, state of incorporation and principal place of business for Third Dunkin' Donuts Realty, LLC and Third Dunkin' Donuts Realty, Inc.  The correct name is DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, successors-in-interest to Third Dunkin' Donuts Realty, LLC and Third Dunkin' Donuts Realty, Inc.  Defendants DB Real Estate Assets I LLC and DB Real Estate Assets II LLC are Delaware limited liability companies with their principal place of business at 130 Royall Street, Canton, Massachusetts 02021.

7.      Defendants admit that they regularly conduct business in the County of Cuyahoga, State of Ohio.  Defendants deny the remaining allegations contained in paragraph 7.

8.      Defendants admit that they entered into Franchise Agreements and a Store Development Agreement with Plaintiff for store locations in Cuyahoga County.  Defendants deny the remaining allegations contained in paragraph 8.

9.      Defendants admit that Plaintiff entered into a (SDA) involving stores to be developed in Cuyahoga County.  Defendants deny the remaining allegations contained in paragraph 9.

## COUNT ONE
## BREACH OF CONRACT

10.      Defendants assert that the allegations contained in paragraph 10 are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations contained in paragraph 10.

11.      Defendants admit the allegations contained in paragraph 11.

12.      Defendants admit that on February 23, 2005, Progressive and Defendant "3rd D," now succeeded-in-interest by DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, entered into a commercial lease for real estate located at 7742 Lakeshore Blvd., Mentor, Ohio. Defendants further assert that the Mentor Lease and the SDA speak for themselves.  Defendants deny the remaining allegations contained in paragraph 12.

13.      Defendants deny that on January 27, 2006, Progressive and Defendant "3rd D," now succeeded-in-interest by DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, entered into a commercial lease for real estate located at 22200 Lakeshore Blvd., Shore Center Shopping Plaza, Euclid, Ohio.  Defendants assert that the correct date the aforementioned parties entered into the lease was February 23, 2006.  Defendants further assert that the Euclid Lease

and the SDA speak for themselves.  Defendants deny the remaining allegations contained in paragraph 13.

14.     Defendants admit that Defendant "3ʳᵈ D" was not a party to the SDA.  Defendants deny the remaining allegations contained in paragraph 14.

15.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 15.

16.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants admit that Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 16.

17.     Defendants admit that they participated in the site selection and construction for the Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 17.

18.     Defendants deny the allegations contained in paragraph 18.

19.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 19.

20.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 20.

21.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 21.

22.     Defendants deny the allegations contained in paragraph 22.

23.     Defendants deny the allegations contained in paragraph 23.

24.     Defendants deny the allegations contained in paragraph 24.

25.     Defendants admit that they denied Progressive's attempt to develop additional

stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payment of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 25.

26.     Defendants admit the allegations contained in paragraph 26.

27.     Defendants admit that Progressive was not allowed to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payments of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 27.

28.     Defendants assert that the allegations that they breached the SDA and/or the Franchise Agreements and engaged in a conspiracy are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 28.

29.     Defendants admit that Progressive did not open a new store as provided for by the SDA by the January 1, 2007 deadline.  Defendants deny the remaining allegations contained in paragraph 29.

30.     Defendants assert that the SDA speaks for itself.  Defendants deny the remaining allegations contained in paragraph 30.

31.     Defendants deny the allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32.

33.     Defendants admit that on September 10, 2007, Defendants sent Progressive a Notice to Cure, the contents of which speak for itself.  Defendants deny the remaining the allegations contained in paragraph 33.

34.     Defendants deny the allegations contained in paragraph 34.

35.     Defendants assert that paragraph 35 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 35.

36.     Defendants admit that, following its issuance of the Notice to Cure, Progressive informed it of its position with respect to its performance under the SDA and the development of new stores.  Defendants deny the remaining allegations contained in paragraph 36.

37.     Defendants admit that on September 22, 2007, they sent a Termination Letter to Progressive, the content of which speaks for itself.  Defendants further assert that paragraph 37 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 37.

38.     Defendants assert that the Termination Letter speaks for itself.  Defendants deny any remaining allegations contained in paragraph 38.

39.     Defendants assert that paragraph 39 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 39.

40.     Defendants deny the allegations contained in paragraph 40.

41.     Defendants deny the allegations contained in paragraph 41.

42.     Defendants assert that paragraph 42 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 42.

43.     Defendants assert that paragraph 43 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 43.

44.     Defendants assert that paragraph 44 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 44.

45.     Defendants deny the allegations contained in paragraph 45.

## AFFIRMATIVE DEFENSES – COUNT ONE

a.      Defendants plead that Plaintiff has failed to state any claim upon which relief may be granted.

b.      Defendants plead that Plaintiff is barred from recovery because they are unable to prove that Defendants caused it any damage.

c.      Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions by Defendants, Defendants plead that Plaintiff is barred from recovery, in whole or in part, for failing to mitigate its alleged damages.

d.      Defendants plead that if Plaintiff suffered damages, such damages were caused by the acts or omissions of Plaintiff or persons for whose acts or omissions Defendants are not liable.

e.      Defendants plead that Plaintiff is barred from recovery by its failure to perform or failure to substantially perform its contractual obligations and comply with the requirements imposed by its Franchise Agreements, the Store Development Agreement and its amendments.

f.      Defendants plead that Plaintiff is not entitled to recover lost profit damages under Massachusetts law.

g.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions of Defendants, Defendants plead that they have made a good faith effort to comply with all applicable laws.

h.      Defendants plead that Plaintiff is not entitled to the relief they seek because it has unclean hands.

i.      Defendants plead that the claims and relief sought by Plaintiff are barred by the doctrines of waiver, laches, and estoppel.

j.      Defendants plead that Plaintiff is not entitled to recover its costs, expenses, or attorneys' fees under any theory of law.

k.      Defendants plead that Plaintiff is not entitled to recover treble damages under any theory or law.

l.      Plaintiff may not recover on the claims pleaded in Count I because the damages sought are speculative and remote.

m.      Plaintiff may not recover punitive damages because they are barred by the SDA and Franchise Agreements.

n.      Defendants plead the affirmative defense of failure of consideration.

o.      Defendants plead that Count I is barred by the 2-year contractual limit set forth in the SDA and Franchise Agreements.

p.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful act or omission of Defendants, Defendants plead that they have made a good faith effort to comply with the SDA and amendments thereto.

q.      Defendants plead that Plaintiff waived the right to a jury trial in the Franchise Agreements and the SDA.

r.      Defendants reserve the right to add defenses as information is learned through discovery.

## COUNT TWO
## UNJUST ENRICHMENT

46.     Defendants assert that the allegations contained in paragraph 46 are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations contained in paragraph 46.

47.     Defendants deny the allegations contained in paragraph 47.

48.     Defendants admit the allegations contained in paragraph 48.

49.     Defendants admit that on February 23, 2005, Progressive and Defendant "3rd D," now succeeded-in-interest by DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, entered into a commercial lease for real estate located at 7742 Lakeshore Blvd., Mentor, Ohio.

50.     Defendants deny that on January 27, 2006, Progressive and Defendant "3rd D," now succeeded-in-interest by DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, entered into a commercial lease for real estate located at 22200 Lakeshore Blvd., Shore Center Shopping Plaza, Euclid, Ohio.  Defendants assert that the correct date the aforementioned parties entered into the lease was February 23, 2006.  Defendants further assert that the Euclid Lease and the SDA speak for themselves.  Defendants deny the remaining allegations contained in paragraph 50.

51.     Defendants admit that Defendant "3rd D" was not a party to the SDA.  Defendants deny the remaining allegations contained in paragraph 51.

52.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 52.

53.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants admit that Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 53.

54.     Defendants admit that they participated in the site selection and construction for the Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 54.

55.     Defendants deny the allegations contained in paragraph 55.

56.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 56.

57.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 57.

58.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 58.

59.     Defendants deny the allegations contained in paragraph 59.

60.     Defendants deny the allegations contained in paragraph 60.

61.     Defendants deny the allegations contained in paragraph 61.

62.     Defendants admit that they collected franchise and advertising fees due and owing to them under the Franchise Agreements during this period.  Defendants denying the remaining allegations contained in paragraph 62.

63.     Defendants deny the allegations contained in paragraph 63.

64.     Defendants deny the allegations contained in paragraph 64.

**AFFIRMATIVE DEFENSES – COUNT TWO**

a.     Defendants plead that Plaintiff has failed to state any claim upon which relief may be granted.

b.     Defendants plead that Plaintiff is barred from recovery because they are unable to prove that Defendants caused it any damage.

c.      Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions by Defendants, Defendants plead that Plaintiff is barred from recovery, in whole or in part, for failing to mitigate its alleged damages.

d.      Defendants plead that if Plaintiff suffered damages, such damages were caused by the acts or omissions of Plaintiff or persons for whose acts or omissions Defendants are not liable.

e.      Defendants plead that Plaintiff is barred from recovery by its failure to perform or failure to substantially perform its contractual obligations and comply with the requirements imposed by its Franchise Agreements, the Store Development Agreement and its amendments.

f.      Defendants plead that Plaintiff is not entitled to recover lost profit damages under Massachusetts law.

g.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions of Defendants, Defendants plead that they have made a good faith effort to comply with all applicable laws.

h.      Defendants plead that Plaintiff is not entitled to recover its costs, expenses, or attorneys' fees under any theory of law.

i.      Defendants plead that Plaintiff is not entitled to recover treble damages under any theory or law.

j.      Plaintiff may not recover on the claims pleaded in Count II because the damages sought are speculative and remote.

k.      Plaintiff may not recover punitive damages because they are barred by the SDA and Franchise Agreements.

l.      Defendants plead the affirmative defense of failure of consideration.

m.      Defendants plead that Count II is barred by the 2-year contractual limit set forth in the SDA and Franchise Agreements.

n.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful act or omission of Defendants, Defendants plead that they have made a good faith effort to comply with the SDA and amendments thereto.

o.      Defendants plead that Plaintiff waived the right to a jury trial in the Franchise Agreements and the SDA.

p.      Defendants reserve the right to add defenses as information is learned through discovery.

**COUNT THREE**
**UNFAIR COMPETITION**

65.      Defendants assert that the allegations contained in paragraph 65 are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations contained in paragraph 65.

66.      Defendants admit the allegations contained in paragraph 66.

67.      Defendants admit that on February 23, 2005, Progressive and Defendant "3rd D," now succeeded-in-interest by DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, entered into a commercial lease for real estate located at 7742 Lakeshore Blvd., Mentor, Ohio.

68.      Defendants deny that on January 27, 2006, Progressive and Defendant "3rd D," now succeeded-in-interest by DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, entered into a commercial lease for real estate located at 22200 Lakeshore Blvd., Shore Center Shopping Plaza, Euclid, Ohio.  Defendants assert that the correct date the aforementioned parties entered into the lease was February 23, 2006.  Defendants further assert that the Euclid Lease and the SDA speak for themselves.  Defendants deny the remaining allegations contained in

paragraph 68.

69.     Defendants admit that Defendant "3rd D" was not a party to the SDA.  Defendants deny the remaining allegations contained in paragraph 69.

70.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 70.

71.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants admit that Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 71.

72.     Defendants admit that they participated in the site selection and construction for the Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 72.

73.     Defendants admit that they denied Progressive's attempt to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payment of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 73.

74.     Defendants admit the allegations contained in paragraph 74.

75.     Defendants admit that Progressive was not allowed to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payments of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 75.

76.     Defendants deny the allegations contained in paragraph 76.

77.     Defendants admit that Progressive did not open a new store as provided for by the SDA by the January 1, 2007 deadline.  Defendants deny the remaining allegations contained in

paragraph 77.

78.     Defendants assert that the SDA speaks for itself.  Defendants deny the remaining allegations contained in paragraph 78.

79.     Defendants deny the allegations contained in paragraph 79.

80.     Defendants assert that the SDA speaks for itself.  Defendants deny the remaining allegations contained in paragraph 80.

81.     Defendants deny the allegations contained in paragraph 81.

82.     Defendants assert that paragraph 82 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 82.

83.     Defendants admit that on September 22, 2007, they sent a Termination Letter to Progressive, the contents of which speaks for itself.  Defendants further assert that paragraph 83 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 83.

84.     Defendants assert that the Termination Letter speaks for itself.  Defendants deny any remaining allegations contained in paragraph 84.

85.     Defendants deny the allegations contained in paragraph 85.

86.     Defendants deny the allegations contained in paragraph 86.

87.     Defendants assert that paragraph 87 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.

88.     Defendants deny the allegations contained in paragraph 88.

## AFFIRMATIVE DEFENSES – COUNT THREE

a.      Defendants plead that Plaintiff has failed to state any claim upon which relief may be granted.

b.      Defendants plead that Plaintiff is barred from recovery because they are unable to prove that Defendants caused it any damage.

c.      Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions by Defendants, Defendants plead that Plaintiff is barred from recovery, in whole or in part, for failing to mitigate its alleged damages.

d.      Defendants plead that if Plaintiff suffered damages, such damages were caused by the acts or omissions of Plaintiff or persons for whose acts or omissions Defendants are not liable.

e.      Defendants plead that Plaintiff is barred from recovery by its failure to perform or failure to substantially perform its contractual obligations and comply with the requirements imposed by its Franchise Agreements, the Store Development Agreement and its amendments.

f.      Defendants plead that Plaintiff is not entitled to recover lost profit damages under Massachusetts law.

g.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions of Defendants, Defendants plead that they have made a good faith effort to comply with all applicable laws.

h.      Defendants plead that Plaintiff is not entitled to recover its costs, expenses, or attorneys' fees under any theory of law.

i.      Defendants plead that Plaintiff is not entitled to recover treble damages under any theory or law.

j.      Plaintiff may not recover on the claims pleaded in Count III because the damages sought are speculative and remote.

k.      Plaintiff may not recover punitive damages because they are barred by the SDA and Franchise Agreements.

l.      Defendants plead the affirmative defense of failure of consideration.

m.      Defendants plead that Count III is barred by the 2-year contractual limit set forth in the SDA and Franchise Agreements.

n.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful act or omission of Defendants, Defendants plead that they have made a good faith effort to comply with the SDA and amendments thereto.

o.      Defendants plead that Plaintiff waived the right to a jury trial in the Franchise Agreements and the SDA.

p.      Defendants reserve the right to add defenses as information is learned through discovery.

**COUNT FOUR**
**INJUNCTIVE RELIEF**

89.      Defendants assert that the allegations contained in paragraph 89 are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations contained in paragraph 89.

90.      Defendants admit the allegations contained in paragraph 90.

91.      Defendants admit the allegations contained in paragraph 91.

92.      Defendants deny that on January 27, 2006, Progressive and Defendant "3rd D," now succeeded-in-interest by DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, entered into a commercial lease for real estate located at 22200 Lakeshore Blvd., Shore Center

Shopping Plaza, Euclid, Ohio.  Defendants assert that the correct date the aforementioned parties entered into the lease was February 23, 2006.

93.     Defendants admit that Defendant "3rd D" was not a party to the SDA.  Defendants deny the remaining allegations contained in paragraph 93.

94.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 94.

95.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants admit that Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 95.

96.     Defendants admit that they participated in the site selection and construction for the Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 96.

97.     Defendants deny the allegations contained in paragraph 97.

98.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 98.

99.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 99.

100.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 100.

101.    Defendants deny the allegations contained in paragraph 101.

102.    Defendants deny the allegations contained in paragraph 102.

103.    Defendants deny the allegations contained in paragraph 103.

104.    Defendants admit that they denied Progressive's attempt to develop additional

stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payment of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 104.

105.     Defendants admit the allegations contained in paragraph 105.

106.     Defendants admit that Progressive was not allowed to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payments of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 106.

107.     Defendants assert that the allegations that they breached the SDA and/or the Franchise Agreements and engaged in a conspiracy are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 107.

108.     Defendants admit that Progressive did not open a new store as provided for by the SDA by the January 1, 2007 deadline.  Defendants deny the remaining allegations contained in paragraph 108.

109.     Defendants assert that the SDA speaks for itself.  Defendants deny the remaining allegations contained in paragraph 109.

110.     Defendants deny the allegations contained in paragraph 110.

111.     Defendants admit that on September 10, 2007, Defendants sent Progressive a Notice to Cure, the contents of which speak for itself.  Defendants deny the remaining the allegations contained in paragraph 111.

112.     Defendants deny the allegations contained in paragraph 112.

113.     Defendants assert that paragraph 113 contains legal conclusions to which no

18

response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 113.

114.     Defendants admit that, following its issuance of the Notice to Cure, Progressive informed it of its position with respect to its performance under the SDA and the development of new stores.  Defendants deny the remaining allegations contained in paragraph 114.

115.     Defendants admit that on September 22, 2007, they sent a Termination Letter to Progressive, the contents of which speaks for itself.  Defendants further assert that paragraph 115 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 115.

116.     Defendants assert that the Termination Letter speaks for itself.  Defendants deny any remaining allegations contained in paragraph 116.

117.     Defendants deny the allegations contained in paragraph 117.

118.     Defendants deny the allegations contained in paragraph 118.

119.     Defendants assert that paragraph 119 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.

120.     Defendants assert that paragraph 120 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 120.

121.     Defendants assert that paragraph 121 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 121.

122.     Defendants admit that Plaintiff is seeking injunctive relief but denies that Plaintiff

is entitled to injunctive relief.  Defendants deny the remaining allegations contained in paragraph 122.

## AFFIRMATIVE DEFENSES – COUNT FOUR

a.      Defendants plead that Plaintiff has failed to state any claim upon which relief may be granted.

b.      Defendants plead that Plaintiff is barred from recovery because they are unable to prove that Defendants caused it any damage.

c.      Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions by Defendants, Defendants plead that Plaintiff is barred from recovery, in whole or in part, for failing to mitigate its alleged damages.

d.      Defendants plead that Plaintiff is not entitled to the relief they seek because it has unclean hands.

e.      Defendants plead that the claims and relief sought by Plaintiff are barred by the doctrines of waiver, laches, and estoppel.

f.      Defendants plead that Plaintiff is barred from recovery by its failure to perform or failure to substantially perform its contractual obligations and comply with the requirements imposed by its Franchise Agreements, the Store Development Agreement and its amendments.

g.      Without conceding any liability as a result of any purportedly wrongful acts or omissions of Defendants, Defendants plead that they have made a good faith effort to comply with all applicable laws.

h.      Defendants plead the affirmative defense of failure of consideration.

i.      Defendants plead that Count IV is barred by the 2-year contractual limit set forth in the SDA and Franchise Agreements.

j.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful act or omission of Defendants, Defendants plead that they have made a good faith effort to comply with the SDA and amendments thereto.

k.      Defendants plead that Plaintiff waived the right to a jury trial in the Franchise Agreements and the SDA.

l.      Defendants reserve the right to add defenses as information is learned through discovery.

**COUNT FIVE**
**FRUSTRATION OF COMMERCIAL PURPOSE**

123.    Defendants assert that the allegations contained in paragraph 123 are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations contained in paragraph 123.

124.    Defendants admit the allegations contained in paragraph 124.

125.    Defendants admit the allegations contained in paragraph 125.

126.    Defendants deny that on January 27, 2006, Progressive and Defendant "3rd D," now succeeded-in-interest by DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, entered into a commercial lease for real estate located at 22200 Lakeshore Blvd., Shore Center Shopping Plaza, Euclid, Ohio.  Defendants assert that the correct date the aforementioned parties entered into the lease was February 23, 2006.

127.    Defendants admit that Defendant "3rd D" was not a party to the SDA.  Defendants deny the remaining allegations contained in paragraph 127.

128.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 128.

129.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants

admit that Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 129.

130.    Defendants admit that they participated in the site selection and construction for the Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 130.

131.    Defendants deny the allegations contained in paragraph 131.

132.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 132.

133.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 133.

134.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 134.

135.    Defendants deny the allegations contained in paragraph 135.

136.    Defendants deny the allegations contained in paragraph 136.

137.    Defendants deny the allegations contained in paragraph 137.

138.    Defendants admit that they denied Progressive's attempt to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payment of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 138.

139.    Defendants admit the allegations contained in paragraph 139.

140.    Defendants admit that Progressive was not allowed to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payments of amounts due under the contract.  Defendants deny the remaining allegations

contained in paragraph 140.

141.    Defendants assert that the allegations that they breached the SDA and/or the Franchise Agreements and engaged in a conspiracy are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 141.

142.    Defendants admit that Progressive did not open a new store as provided for by the SDA by the January 1, 2007 deadline.  Defendants deny the remaining allegations contained in paragraph 142.

143.    Defendants assert that the SDA speaks for itself.  Defendants deny the remaining allegations contained in paragraph 143.

144.    Defendants deny the allegations contained in paragraph 144.

145.    Defendants deny the allegations contained in paragraph 145.

146.    Defendants admit that on September 10, 2007, Defendants sent Progressive a Notice to Cure, the contents of which speak for itself.  Defendants deny the remaining the allegations contained in paragraph 146.

147.    Defendants deny the allegations contained in paragraph 147.

148.    Defendants assert that paragraph 148 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 148.

149.    Defendants admit that, following its issuance of the Notice to Cure, Progressive informed it of its position with respect to its performance under the SDA and the development of new stores.  Defendants deny the remaining allegations contained in paragraph 149.

150.    Defendants admit that on September 22, 2007, they sent a Termination Letter to

Progressive, the contents of which speaks for itself.  Defendants further assert that paragraph 150 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 150.

151.    Defendants assert that the Termination Letter speaks for itself.  Defendants deny any remaining allegations contained in paragraph 151.

152.    Defendants assert that paragraph 152 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 152.

153.    Defendants assert that paragraph 153 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 153.

154.    Defendants admit that Plaintiff is seeking injunctive relief but denies that Plaintiff is entitled to injunctive relief.  Defendants deny the remaining allegations contained in paragraph 154.

### AFFIRMATIVE DEFENSES – COUNT FIVE

a.    Defendants plead that Plaintiff has failed to state any claim upon which relief may be granted.

b.    Defendants plead that Plaintiff is barred from recovery because they are unable to prove that Defendants caused it any damage.

c.    Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions by Defendants, Defendants plead that Plaintiff is barred from recovery, in whole or in part, for failing to mitigate its alleged damages.

d.    Defendants plead that if Plaintiff suffered damages, such damages were caused by

the acts or omissions of Plaintiff or persons for whose acts or omissions Defendants are not liable.

e.      Defendants plead that Plaintiff is barred from recovery by its failure to perform or failure to substantially perform its contractual obligations and comply with the requirements imposed by its Franchise Agreements, the Store Development Agreement and its amendments.

f.      Defendants plead that Plaintiff is not entitled to recover lost profit damages under Massachusetts law.

g.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions of Defendants, Defendants plead that they have made a good faith effort to comply with all applicable laws.

h.      Defendants plead that Plaintiff is not entitled to recover its costs, expenses, or attorneys' fees under any theory of law.

i.      Defendants plead that Plaintiff is not entitled to recover treble damages under any theory or law.

j.      Plaintiff may not recover on the claims pleaded in Count V because the damages sought are speculative and remote.

k.      Plaintiff may not recover punitive damages because they are barred by the SDA and Franchise Agreements.

l.      Defendants plead the affirmative defense of failure of consideration.

m.      Defendants plead that Count V is barred by the 2-year contractual limit set forth in the SDA and Franchise Agreements.

n.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful act or omission of Defendants, Defendants plead that they

25

have made a good faith effort to comply with the SDA and amendments thereto.

      o.      Defendants plead that Plaintiff waived the right to a jury trial in the Franchise Agreements and the SDA.

      p.      Defendants reserve the right to add defenses as information is learned through discovery.

**COUNT SIX**
**INTENTIONAL INTERFERENCE WITH CONTRACT**

      155.      Defendants assert that the allegations contained in paragraph 155 are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations contained in paragraph 155.

      156.      Defendants admit the allegations contained in paragraph 156.

      157.      Defendants admit the allegations contained in paragraph 157.

      158.      Defendants deny that on January 27, 2006, Progressive and Defendant "3rd D," now succeeded-in-interest by DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, entered into a commercial lease for real estate located at 22200 Lakeshore Blvd., Shore Center Shopping Plaza, Euclid, Ohio.  Defendants assert that the correct date the aforementioned parties entered into the lease was February 23, 2006.

      159.      Defendants admit that Defendant "3rd D" was not a party to the SDA.  Defendants deny the remaining allegations contained in paragraph 159.

      160.      Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 160.

      161.      Defendants assert that the SDA and the Leases speak for themselves.  Defendants admit that Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 161.

162.    Defendants admit that they participated in the site selection and construction for the Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 162.

163.    Defendants deny the allegations contained in paragraph 163.

164.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 164.

165.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 165.

166.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 166.

167.    Defendants deny the allegations contained in paragraph 167.

168.    Defendants deny the allegations contained in paragraph 168.

169.    Defendants admit that Progressive was not allowed to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payments of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 169.

170.    Defendants admit the allegations contained in paragraph 170.

171.    Defendants admit that Progressive was not allowed to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payments of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 171.

172.    Defendants admit that Progressive did not open a new store as provided for by the SDA by the January 1, 2007 deadline.  Defendants deny the remaining allegations contained in

paragraph 172.

173.    Defendants assert that the SDA speaks for itself.  Defendants deny the remaining allegations contained in paragraph 173.

174.    Defendants deny the allegations contained in paragraph 174.

175.    Defendants deny the allegations contained in paragraph 175.

176.    Defendants admit that on September 10, 2007, Defendants sent Progressive a Notice to Cure, the contents of which speak for itself.  Defendants deny the remaining the allegations contained in paragraph 176.

177.    Defendants deny the allegations contained in paragraph 177.

178.    Defendants admit that on September 22, 2007, they sent a Termination Letter to Progressive, the contents of which speaks for itself.  Defendants further assert that paragraph 178 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 178.

179.    Defendants assert that the Termination Letter speaks for itself.  Defendants deny any remaining allegations contained in paragraph 179.

180.    Defendants deny the allegations contained in paragraph 180.

181.    Defendants deny the allegations contained in paragraph 181.

## AFFIRMATIVE DEFENSES – COUNT SIX

a.    Defendants plead that Plaintiff has failed to state any claim upon which relief may be granted.

b.    Defendants plead that Plaintiff is barred from recovery because they are unable to prove that Defendants caused it any damage.

c.    Without conceding that Plaintiff has suffered any damages as a result of any

purportedly wrongful acts or omissions by Defendants, Defendants plead that Plaintiff is barred from recovery, in whole or in part, for failing to mitigate its alleged damages.

d.      Defendants plead that if Plaintiff suffered damages, such damages were caused by the acts or omissions of Plaintiff or persons for whose acts or omissions Defendants are not liable.

e.      Defendants plead that Plaintiff is barred from recovery by its failure to perform or failure to substantially perform its contractual obligations and comply with the requirements imposed by its Franchise Agreements, the Store Development Agreement and its amendments.

f.      Defendants plead that Plaintiff is not entitled to recover lost profit damages under Massachusetts law.

g.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions of Defendants, Defendants plead that they have made a good faith effort to comply with all applicable laws.

h.      Defendants plead that Plaintiff is not entitled to recover its costs, expenses, or attorneys' fees under any theory of law.

i.      Defendants plead that Plaintiff is not entitled to recover treble damages under any theory or law.

j.      Plaintiff may not recover on the claims pleaded in Count VI because the damages sought are speculative and remote.

k.      Plaintiff may not recover punitive damages because they are barred by the SDA and Franchise Agreements.

l.      Defendants plead the affirmative defense of failure of consideration.

m.      Defendants plead that Count VI is barred by the 2-year contractual limit set forth

in the SDA and Franchise Agreements.

n.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful act or omission of Defendants, Defendants plead that they have made a good faith effort to comply with the SDA and amendments thereto.

o.      Defendants plead that Plaintiff waived the right to a jury trial in the Franchise Agreements and the SDA.

p.      Defendants reserve the right to add defenses as information is learned through discovery.

## COUNT SEVEN
## CIVIL CONSPIRACY

182.    Defendants assert that the allegations contained in paragraph 182 are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations contained in paragraph 182.

183.    Defendants admit the allegations contained in paragraph 183.

184.    Defendants admit the allegations contained in paragraph 184.

185.    Defendants deny that on January 27, 2006, Progressive and Defendant "3rd D," now succeeded-in-interest by DB Real Estate Assets I LLC and DB Real Estate Assets II LLC, entered into a commercial lease for real estate located at 22200 Lakeshore Blvd., Shore Center Shopping Plaza, Euclid, Ohio.  Defendants assert that the correct date the aforementioned parties entered into the lease was February 23, 2006.

186.    Defendants admit that Defendant "3rd D" was not a party to the SDA.  Defendants deny the remaining allegations contained in paragraph 186.

187.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 187.

188.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants admit that Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 188.

189.    Defendants admit that they participated in the site selection and construction for the Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 189.

190.    Defendants deny the allegations contained in paragraph 190.

191.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 191.

192.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 192.

193.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 193.

194.    Defendants deny the allegations contained in paragraph 194.

195.    Defendants deny the allegations contained in paragraph 195.

196.    Defendants deny the allegations contained in paragraph 196.

197.    Defendants admit that they denied Progressive's attempt to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payment of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 197.

198.    Defendants admit the allegations contained in paragraph 198.

199.    Defendants admit that Progressive was not allowed to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to,

31

non-payments of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 199.

200.    Defendants assert that the allegations that they breached the SDA and/or the Franchise Agreements and engaged in a conspiracy are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 200.

201.    Defendants admit that Progressive did not open a new store as provided for by the SDA by the January 1, 2007 deadline.  Defendants deny the remaining allegations contained in paragraph 201.

202.    Defendants deny the allegations contained in paragraph 202.

203.    Defendants deny the allegations contained in paragraph 203.

204.    Defendants admit that on September 10, 2007, Defendants sent Progressive a Notice to Cure, the contents of which speak for itself.  Defendants deny the remaining the allegations contained in paragraph 204.

205.    Defendants deny the allegations contained in paragraph 205.

206.    Defendants assert that paragraph 206 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 206.

207.    Defendants admit that, following its issuance of the Notice to Cure, Progressive informed it of its position with respect to its performance under the SDA and the development of new stores.  Defendants deny the remaining allegations contained in paragraph 207.

208.    Defendants admit that on September 22, 2007, they sent a Termination Letter to Progressive, the contents of which speaks for itself.  Defendants further assert that paragraph 208

contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 208.

209.    Defendants assert that the Termination Letter speaks for itself.  Defendants deny any remaining allegations contained in paragraph 209.

210.    Defendants deny the allegations contained in paragraph 210.

211.    Defendants deny the allegations contained in paragraph 211.

212.    Defendants deny the allegations contained in paragraph 212.

213.    Defendants assert that paragraph 213 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 213.

214.    Defendants assert that paragraph 214 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 214.

215.    Defendants deny the allegations contained in paragraph 215.

### AFFIRMATIVE DEFENSES – COUNT SEVEN

a.    Defendants plead that Plaintiff has failed to state any claim upon which relief may be granted.

b.    Defendants plead that Plaintiff is barred from recovery because they are unable to prove that Defendants caused it any damage.

c.    Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions by Defendants, Defendants plead that Plaintiff is barred from recovery, in whole or in part, for failing to mitigate its alleged damages.

d.    Defendants plead that if Plaintiff suffered damages, such damages were caused by

the acts or omissions of Plaintiff or persons for whose acts or omissions Defendants are not liable.

      e.     Defendants plead that Plaintiff is barred from recovery by its failure to perform or failure to substantially perform its contractual obligations and comply with the requirements imposed by its Franchise Agreements, the Store Development Agreement and its amendments.

      f.     Defendants plead that Plaintiff is not entitled to recover lost profit damages under Massachusetts law.

      g.     Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions of Defendants, Defendants plead that they have made a good faith effort to comply with all applicable laws.

      h.     Defendants plead that Plaintiff is not entitled to recover its costs, expenses, or attorneys' fees under any theory of law.

      i.     Defendants plead that Plaintiff is not entitled to recover treble damages under any theory or law.

      j.     Plaintiff may not recover on the claims pleaded in Count VII because the damages sought are speculative and remote.

      k.     Plaintiff may not recover punitive damages because they are barred by the SDA and Franchise Agreements.

      l.     Defendants plead the affirmative defense of failure of consideration.

      m.     Defendants plead that Count VII is barred by the 2-year contractual limit set forth in the SDA and Franchise Agreements.

      n.     Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful act or omission of Defendants, Defendants plead that they

have made a good faith effort to comply with the SDA and amendments thereto.

o.      Defendants plead that Plaintiff waived the right to a jury trial in the Franchise

Agreements and the SDA.

p.      Defendants reserve the right to add defenses as information is learned through

discovery.

**COUNT EIGHT**
**FRAUD**

216.    Defendants assert that the allegations contained in paragraph 216 are legal

conclusions to which no response is required.  To the extent that any response is required,

Defendants deny the allegations contained in paragraph 216.

217.    Defendants admit the allegations contained in paragraph 217.

218.    Defendants admit the allegations contained in paragraph 218.

219.    Defendants deny that on January 27, 2006, Progressive and Defendant "3rd D,"

now succeeded-in-interest by DB Real Estate Assets I LLC and DB Real Estate Assets II LLC,

entered into a commercial lease for real estate located at 22200 Lakeshore Blvd., Shore Center

Shopping Plaza, Euclid, Ohio.  Defendants assert that the correct date the aforementioned parties

entered into the lease was February 23, 2006.

220.    Defendants admit that Defendant "3rd D" was not a party to the SDA.  Defendants

deny the remaining allegations contained in paragraph 220.

221.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants

deny the remaining allegations contained in paragraph 221.

222.    Defendants assert that the SDA and the Leases speak for themselves.  Defendants

admit that Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants

deny the remaining allegations contained in paragraph 222.

35

223.     Defendants admit that they participated in the site selection and construction for the Progressive opened stores located in Mentor, Chardon, and Euclid, Ohio.  Defendants deny the remaining allegations contained in paragraph 223.

224.     Defendants deny the allegations contained in paragraph 224.

225.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 225.

226.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 226.

227.     Defendants assert that the SDA and the Leases speak for themselves.  Defendants deny the remaining allegations contained in paragraph 227.

228.     Defendants deny the allegations contained in paragraph 228.

229.     Defendants deny the allegations contained in paragraph 229.

230.     Defendants deny the allegations contained in paragraph 230.

231.     Defendants admit that they denied Progressive's attempt to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payment of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 231.

232.     Defendants admit the allegations contained in paragraph 232.

233.     Defendants admit that Progressive was not allowed to develop additional stores due to their failure to perform certain obligations under the SDA, including, but not limited to, non-payments of amounts due under the contract.  Defendants deny the remaining allegations contained in paragraph 233.

234.     Defendants assert that the allegations that they breached the SDA and/or the

36

Franchise Agreements and engaged in a conspiracy are legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 234.

235.    Defendants admit that Progressive did not open a new store as provided for by the SDA by the January 1, 2007 deadline.  Defendants deny the remaining allegations contained in paragraph 235.

236.    Defendants assert that the SDA speaks for itself.  Defendants deny the remaining allegations contained in paragraph 236.

237.    Defendants deny the allegations contained in paragraph 237.

238.    Defendants deny the allegations contained in paragraph 238.

239.    Defendants admit that on September 10, 2007, Defendants sent Progressive a Notice to Cure, the contents of which speak for itself.  Defendants deny the remaining allegations contained in paragraph 239.

240.    Defendants admit that on September 22, 2007, they sent a Termination Letter to Progressive, the contents of which speaks for itself.  Defendants further assert that paragraph 240 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 240.

241.    Defendants assert that the Termination Letter speaks for itself.  Defendants deny any remaining allegations contained in paragraph 241.

242.    Defendants deny the allegations contained in paragraph 242.

243.    Defendants assert that paragraph 243 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations.  Defendants deny the remaining allegations contained in paragraph 243.

244.     Defendants deny the allegations contained in paragraph 244.

## AFFIRMATIVE DEFENSES – COUNT EIGHT

a.      Defendants plead that Plaintiff has failed to state any claim upon which relief may be granted.

b.      Defendants plead that Plaintiff is barred from recovery because they are unable to prove that Defendants caused it any damage.

c.      Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions by Defendants, Defendants plead that Plaintiff is barred from recovery, in whole or in part, for failing to mitigate its alleged damages.

d.      Defendants plead that if Plaintiff suffered damages, such damages were caused by the acts or omissions of Plaintiff or persons for whose acts or omissions Defendants are not liable.

e.      Defendants plead that Plaintiff is barred from recovery by its failure to perform or failure to substantially perform its contractual obligations and comply with the requirements imposed by its Franchise Agreements, the Store Development Agreement and its amendments.

f.      Defendants plead that Plaintiff is not entitled to recover lost profit damages under Massachusetts law.

g.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions of Defendants, Defendants plead that they have made a good faith effort to comply with all applicable laws.

h.      Defendants plead that Plaintiff is not entitled to recover its costs, expenses, or attorneys' fees under any theory of law.

i.      Defendants plead that Plaintiff is not entitled to recover treble damages under any

theory or law.

j.      Plaintiff may not recover on the claims pleaded in Count VIII because the damages sought are speculative and remote.

k.      Plaintiff may not recover punitive damages because they are barred by the SDA and Franchise Agreements.

l.      Defendants plead the affirmative defense of failure of consideration.

m.      Defendants plead that Count VIII is barred by the 2-year contractual limit set forth in the SDA and Franchise Agreements.

n.      Defendants plead that Count VIII is barred because Plaintiff has not pled fraud with sufficient particularity pursuant to Fed. R. Civ. P. 9(b).

o.      Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful act or omission of Defendants, Defendants plead that they have made a good faith effort to comply with the SDA and amendments thereto.

p.      Defendants plead that Plaintiff waived the right to a jury trial in the Franchise Agreements and the SDA.

q.      Defendants reserve the right to add defenses as information is learned through discovery.

WHEREFORE, Defendants pray that this Court dismiss Plaintiff's Complaint with prejudice, award Defendants judgment against Plaintiff for their costs and attorneys' fees incurred in connection with the Complaint, and award Defendants such other relief as this Court may deem just and proper.

## COUNTERCLAIMS AND THIRD PARTY COMPLAINT

This is an action for breach of contract relating to Counter-Defendant and Third Party

Defendants' failure to develop franchises pursuant to a development agreement with Plaintiffs-in-Counterclaim.  Plaintiffs-in-Counterclaim seek monetary, injunctive, and other relief against Counter-Defendant and Third Party Defendants for the reasons set forth below.

## PARTIES

1.      Plaintiff-in-Counterclaim Dunkin' Donuts Franchised Restaurants LLC, successor-in-interest to Dunkin' Donuts Incorporated, is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts 02021.  It is engaged in the business of franchising independent businesspersons to operate Dunkin' Donuts shops throughout the United States.  Dunkin' Donuts franchisees are licensed to use the trade names, service marks, and trademarks of Dunkin' Donuts and to operate under the Dunkin' Donuts System, which involves the production, merchandising, and sale of doughnuts and related products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks, and information.

2.      Plaintiff-in-Counterclaim Baskin-Robbins Franchised Shops LLC, successor-in-interest to Baskin-Robbins USA, Co., is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts 02021.  Baskin-Robbins is engaged in the business of franchising independent business persons to operate Baskin-Robbins stores throughout the United States.  Baskin-Robbins franchisees are licensed to use the trade names, service marks, and trademarks of Baskin-Robbins and to operate under the Baskin-Robbins System, which involves the production, merchandising, and sale of ice cream and related products utilizing special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary

marks, and information.

3.      Plaintiff/Counter-Defendant Progressive Foods LLC is a New Jersey corporation with its principal place of business at 5553 Broadview Road, Parma, OH 44134.  Progressive was the owner of a Dunkin' Donuts/Baskin-Robbins retail shop located at 7742 Lakeshore Boulevard, Mentor, Ohio 44060 pursuant to a Franchise Agreement dated January 27, 2005, a Dunkin' Donuts/Baskin-Robbins retail shop located at 370 State Highway 44, Chardon, Ohio 44024 pursuant to a Franchise Agreement dated July 11, 2005, and a Dunkin' Donuts retail shop located at 22200 Lakeshore Boulevard, Euclid, Ohio, 44123 pursuant to a Franchise Agreement dated February 23, 2006.

4.      Third Party Defendant Eitan Flank is a natural person and a citizen and resident of the State of Ohio.  Eitan Flank is a managing member of Progressive Foods, LLC and personally guaranteed Progressive Foods, LLC's obligations pursuant to executed personal guarantees.

5.      Third Party Defendant Mike Flank is a natural person and a citizen and resident of the State of Ohio.  Mike Flank is a member of Progressive Foods, LLC and personally guaranteed Progressive Foods, LLC's obligations pursuant to executed personal guarantees.

6.      Third Party Defendant Shaul Flank is a natural person and a citizen and resident of the State of Ohio.  Shaul Flank is a member of Progressive Foods, LLC and personally guaranteed Progressive Foods, LLC's obligations pursuant to executed personal guarantees.

7.      Third Party Defendant Joel Sausen is a natural person and a citizen and resident of the State of Ohio.  Joel Sausen is a member of Progressive Foods LLC and personally guaranteed Progressive Foods, LLC's obligations pursuant to executed personal guarantees.

8.      Third Party Defendant Kevin Daubenmire is a natural person and a citizen and resident of the State of Ohio.  Kevin Daubenmire is a member of Progressive Foods LLC and

personally guaranteed Progressive Foods, LLC's obligations pursuant to executed personal guarantees.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  The amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     This Court has *in personam* jurisdiction over Counter-Defendant Progressive and Third Party Defendants (hereinafter collectively referred to as "Counter-Defendants") because they are residents of this District, conduct business in this District and the events giving rise to Dunkin's claims occurred in this district.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## COUNT I
### (Breach of Contract – SDA)

### Counter-Defendants' Obligations Under the
### Store Development Agreements

12.     Under the terms of the Multiple Unit Store Development Agreement (SDA) entered into between Counter-Defendants and Dunkin' on September 1, 2004, Counter-Defendants agreed that any default of monetary payment not cured within seven (7) days after receipt of a written Notice to Cure would authorize Dunkin' Donuts to immediately terminate the Store Development Agreement.  Store Development Agreement § 11.

13.     In addition, Counter-Defendants agreed that any uncured monetary default not remedied within seven (7) days from a written Notice to Cure would require them to pay all damages, costs and expenses, including interest and attorney's fees incurred by Dunkin' Donuts as a result of the default.

### Counter-Defendants' Defaults

14.     Counter-Defendants failed to make three payments totaling $100,000.00 to

42

Dunkin' Donuts under the terms of the SDA. These included a $40,000.00 payment due July 1, 2005, a $35,000.00 payment due July 1, 2006, and a $25,000.00 payment also due July 1, 2006.

15.     On September 10, 2007, counsel for Dunkin' Donuts sent Counter-Defendants a Store Development Agreement Notice of Default & Notice to Cure notifying Counter-Defendants that they had seven (7) days to make the three payments totaling $100,000.00.

16.     After Counter-Defendants failed to make the payments as required within the seven (7) day cure period, counsel for Dunkin' Donuts sent Counter-Defendants a Store Development Agreement Notice of Termination on September 22, 2007. The Notice terminated the SDA, effective immediately upon Counter-Defendants' receipt of the Notice.

17.     The conduct described herein constitutes breaches of the contractual obligations and agreements contained in the SDA.

18.     These breaches constitute grounds for terminating the SDA.

19.     As a result of Counter-Defendants' actions, Dunkin' has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

**Prayer for Relief**

WHEREFORE, Defendants/Counter-Plaintiffs pray that this Court:

a.     Enter a declaratory judgment order stating that the conduct of Counter-Defendants violated the terms of the SDA and constitutes good cause for terminating the SDA;

b.     Enter a judgment in favor of Dunkin' and Baskin-Robbins for the damages incurred by them as a result of the breaches of the SDA by Counter-Defendants;

c.     Enter an injunctive order ratifying and enforcing the termination of the SDA as of the effective date of the Notice of Termination, or as otherwise provided by applicable law;

d.    Enter an injunctive order directing Counter-Defendants to comply with their post-termination obligations under the SDA;

e.    Award Dunkin' and Baskin-Robbins their costs and attorneys' fees incurred in connection with this action pursuant to contract; and

f.    Award Dunkin' and Baskin-Robbins such other relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Robert D. Anderle*
Robert D. Anderle, Esq. (0064582)
Daniel F. Gourash, Esq. (0032413)
SEELEY, SAVIDGE, EBERT & GOURASH CO.
26600 Detroit Road
Cleveland, Ohio 44145-2397
Telephone:    (216) 566-8200
Facsimile:    (216) 566-0213
rdanderle@sseg-law.com
dfgourash@sseg-law.com

Robert. L. Zisk
Jeffrey L. Karlin
Ashley M. Ewald*
GRAY, PLANT, MOOTY, MOOTY
  & BENNETT, P.A.
2600 Virginia Avenue, N.W., Suite 1111
Washington, DC 20037
Telephone:    (202) 295-2200
Facsimile:    (202) 295-2250
*Not licensed in the District of Columbia

Dated:  March 11, 2008          *Attorneys for Defendants and Plaintiffs-in-Counterclaim and Third Party Complaint*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of March, 2008, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Robert D. Anderle*
One of the Attorneys for Defendants and Plaintiffs-in-Counterclaim and Third Party Complaint