# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PROGRESSIVE FOODS, LLC,     ) | CASE NO. 1:07 CV 3424 |
|                             ) | |
| Plaintiff,                  ) | JUDGE: DAVID D. DOWD, JR. |
|                             ) | |
| v.                          ) | **ANSWER OF PLAINTIFF TO** |
|                             ) | **DEFENDANTS' COUNTERCLAIM** |
| DUNKIN' DONUTS, INCORPORATED ) | **AND THIRD-PARTY COMPLAINT** |
| ET AL.,                     ) | |
|                             ) | |
| Defendants.                 ) | |

Plaintiff, Progressive Foods, LLC ("Progressive"), for its Answer to the Counterclaim and Third-Party Complaint (collectively "Counterclaim") of Defendants Baskin-Robbins USA Co., ("B-R"), and Dunkin' Donuts Incorporated ("D-D") (referred to collectively as the "Counterclaimants") states as follows:

## PARTIES

1. For the purpose of responding to the Counterclaimants' Counterclaim and Third-Party Complaint, Progressive incorporates fully by reference each and every allegation asserted in its Amended Complaint.

2. In response to paragraph 1 of Counterclaimants' Counterclaim, Progressive states that it admits that DD is a Delaware limited liability company with a principal place of business in Massachusetts and that D-D is engaged in the business of franchising throughout the United States. Progressive is without information sufficient to admit the remaining allegations contained in paragraph 1 of Counterclaimants' Counterclaim, and they are thereby denied.

3. In response to paragraph 2 of Counterclaimants' Counterclaim, Progressive states that it admits that B-R is a Delaware limited liability company with a principal place of business in Massachusetts and that B-R is engaged in the business of franchising throughout the United States. Progressive is without information sufficient to admit the remaining allegations contained in paragraph 2 of Counterclaimants' Counterclaim, and they are thereby denied.

4. In response to paragraph 3 of Counterclaimants' Counterclaim, Progressive states that it admits that Progressive is a New Jersey corporation with a principal place of business at 5553 Broadview Road, Parma, Ohio 44134. As to the remainder of the allegations contained in paragraph 3 of Counterclaimants' Counterclaim alleges in the "past tense" certain ownership interests of Progressive, such remaining allegations are denied.

5. In response to paragraph 4 of Counterclaimants' Counterclaim, Progressive states that it admits that Etan Flank is a citizen and resident of the State of Ohio and that he is a member of Progressive. The remainder of the allegations contained in paragraph 4 of Counterclaimants' Counterclaim are denied.

6. In response to paragraph 5 of Counterclaimants' Counterclaim, Progressive states that it admits that Mike Flank is a citizen and resident of the State of Ohio and that he is a member of Progressive. The remainder of the allegations contained in paragraph 5 of Counterclaimants' Counterclaim are denied.

7. In response to paragraph 6 of Counterclaimants' Counterclaim, Progressive states that it admits that Shaul Flank is a citizen and resident of the State of Ohio and that he is a member of Progressive. The remainders of the allegations contained in paragraph 6 of Counterclaimants' Counterclaim are denied.

8. In response to paragraph 7 of Counterclaimants' Counterclaim, Progressive states that it admits that Joel Sausen is a citizen and resident of the State of Ohio and that he is a member of Progressive. The remainder of the allegations contained in paragraph 7 of Counterclaimants' Counterclaim are denied.

9. In response to paragraph 8 of Counterclaimants' Counterclaim, Progressive states that it admits that Kevin Daubenmire is a citizen and resident of the State of Ohio and that he is a member of Progressive. The remainder of the allegations contained in paragraph 8 of Counterclaimants' Counterclaim are denied

10. Progressive denies the allegations contained in paragraphs 9, 10, and 11 of Counterclaimants' Counterclaim.

### COUNT I
### (Breach of Contract – SDA)

11. In response to paragraph 12 of Counterclaimants' Counterclaim, Progressive states that it admits only that the contract speaks for itself and that any purported breach of the agreement was due to the acts, omissions, conduct and breach by the Counterclaimants and Dunkin Third Realty ("D-3"). The remainders of the allegations contained in paragraph 12 of Counterclaimants' Counterclaim are denied.

12. In response to paragraph 13 of Counterclaimants' Counterclaim, Progressive states that it admits only that the contract speaks for itself and that any purported breach of the agreement was due to the acts, omissions, conduct and breach by the Counterclaimants and D-3. The remainder of the allegations contained in paragraph 13 of Counterclaimants' Counterclaim are denied.

13. Progressive denies the allegations contained in paragraph 14 of Counterclaimants' Counterclaim.

14. In response to paragraph 15 of Counterclaimants' Counterclaim, Progressive states that it admits only that D-D sent a letter to Progressive purporting to act as a notice of default.  However, the notice was defective and without force and affect as any purported default under the agreement was due to the acts, omissions, conduct and breach by the Counterclaimants and D-3.  The remainders of the allegations contained in paragraph 15 of Counterclaimants' Counterclaim are denied.

15. In response to paragraph 16 of Counterclaimants' Counterclaim, Progressive states that it admits only that D-D sent a letter to Progressive purporting to act as a notice of termination.  However, the notice was defective and without force and affect as any purported default under the agreement was due to the acts, omissions, conduct and breach by the Counterclaimants and D-3.  The remainder of the allegations contained in paragraph 16 of Counterclaimants' Counterclaim are denied.

16. Progressive denies the allegations contained in paragraphs 17, 18, and 19 of Counterclaimants' Counterclaim.

**AFFIRMATIVE DEFENSES**

17. Counterclaimants have failed to state a claim upon which relief can be granted.

18. Counterclaimants have breached the agreements between the parties, thereby rendering their claims for relief meritless, as they were the sole cause of any purported breach on the part of Progressive.

19. Counterclaimants' claims fail by virtue of the doctrine of laches and unclean hands.

20. Counterclaimants' claims fail by virtue of the doctrine of estoppel.

21. Counterclaimants' claims fail by virtue of the doctrine of frustration of commercial purpose to which they are liable.

22. Counterclaimants' claims are the result of the negligence, acts, omissions and conduct of a third-party and not by virtue of any wrongdoing on the part of Progressive.

23. Counterclaimants have failed to mitigate their losses.

24. Counterclaimants are in breach of the agreements, which breach caused injury and damage to Progressive in excess of any alleged damages on the part of the Counterclaimants.

25. The Counterclaimants are guilty of interference with contract, which precludes any entitlement to relief.

26. The Counterclaimants are guilty of fraud and conspiracy, which is the sole and proximate cause of the Counterclaimants' purported damages.

27. Progressive reserves its right to add additional affirmative defenses as determined though the discovery in this case.

WHEREFORE, having fully answered and responded to the Counterclaimants' Counterclaim, Progressive demands that said counterclaim be dismissed in its entirety and that Progressive be awarded its costs and fees related thereto. Progressive further prays for relief as follows:

A. Compensatory damages in an amount in excess of $25,000 to be proven at trial;

B. Punitive damages;

C. Permanent Injunction;

D. Treble damages;

E. Attorneys' fees and the costs of this action; and

F.   Such other and further relief as this Court deems just and equitable.

**BENESCH, FRIEDLANDER,  
   COPLAN & ARONOFF LLP**

Respectfully submitted,

/s/ Edward J. Stoll, Jr.
THOMAS R. BRULE (#0060146)
EDWARD J. STOLL, JR. (#0063533)
200 Public Square, Suite 2300
Cleveland, Ohio  44114-2378
Telephone:   216-363-4500
Facsimile:   216-363-4588
E-Mail:  tbrule@bfca.com
         estoll@bfca.com

*Attorney for Plaintiff Progressive Foods, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed electronically on this 3rd day of April, 2008 using the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                                               /s/ Edward J. Stoll
                                                                                               Edward J. Stoll (0063533)
                                                                                               *One of the Attorneys for the Plaintiff*