DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Progressive Foods, LLC., | ) | |
| | ) | CASE NO. 1:07 CV 3424 |
| Plaintiff and, | ) | |
| Counterdefendant, | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Dunkin' Donuts, Inc., et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | | |
| Third Dunkin' Donuts Realty, Inc., et al., | ) | |
| | ) | |
| Counterclaimants and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Eitan Flank, et al. | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## I.  Introduction

This case arises from the efforts of the plaintiff to build structures in the northern Ohio

area for the purpose of maintaining and operating Baskin-Robbins franchises.  The business

relationships between the plaintiff and the defendants floundered, and this litigation followed

with the plaintiff seeking money damages from the defendants and the defendants seeking

money damages on the third-party complaint against the apparent individual investors in the

plaintiff on the premise that they warranted payment of the plaintiff's obligations to the

defendants.

(1:07 CV 3424)

This law suit began in 2007 and has featured a blizzard of paper work.  The defendants and the third-party plaintiffs seek summary judgment on both the plaintiff's claims as well as on the third-party plaintiffs' claims against the individual third-party defendants (ECF 51), which plaintiff opposed (ECF 92), and to which defendants replied (ECF 153) and plaintiff filed a sur-reply (ECF 156)[1].  For the reasons contained herein, defendants' motion for summary judgment (ECF  51) is DENIED.[2]

### II.  The 2003 Arthur Miller Article in the The New York University Law Review Entitled "The Pretrial Rush to Judgment"

In this lengthy article,[3] Professor Arthur Miller, a well-known authority on procedure and a Professor at the Harvard Law School, takes issue with the growing custom of district courts, in an attempt to move the docket, of engaging in summary judgment practice as a means of avoiding trials.

This Court notes with a sense of sadness that it had no civil jury trials in the year 2008. Lawyers tell the Court that the great cost of trials leads to settlements in cases of questionable value.  This branch of the Court is aware that the summary judgment is a means of weeding out cases that should not be tried.  The granting of a motion for summary judgment always requires

---

[1] Defendants moved to strike plaintiff's sur-reply (ECF 158), to which plaintiff responded (ECF 164). Defendants' motion to strike plaintiff's sur-reply (ECF 158) is DENIED as moot in light of this Memorandum Opinion.

[2] In connection with defendants' motion for summary judgment, the Court directed plaintiff to file a list of material facts in dispute, which plaintiff so filed (ECF 157).  Defendants moved to strike plaintiff's list of material facts in dispute (ECF 160) which plaintiff opposed (ECF 162), and to which defendants replied (ECF 163) and plaintiff filed a sur-reply (ECF 166). Defendants' motion to strike plaintiff's list of material facts in dispute (ECF 160) is DENIED as moot in light of this Memorandum Opinion.

[3] 78 N.Y.U. L. Rev. 982.

2

(1:07 CV 3424)

the Court, in a case such as this where there is a mass of evidence submitted, to declare that there are no material facts in dispute, and on that basis, one side is entitled to summary judgment.

### III.  The Court's Ruling

In the Court's view, and with a nod to Professor Miller, this case should be submitted to a jury,[4] but with the understanding that if the plaintiff does not present sufficient evidence to avoid a Rule 50 motion, the Court will grant a defendants' motion to dismiss the plaintiff's case and continue to consider the defendants' third-party complaint against the third-party defendants.  In so ruling, the Court finds that there are material facts in dispute that negate ruling for the defendants on the motion for summary judgment.

### IV.  The Trial Date

The Court will publish a separate Trial Order placing this case on the two-week standby trial list for Monday, September 13, 2010.  The Court will make every effort to start the trial on September 13, 2010, but there always remains the possibility that the Court's criminal trial schedule may preempt the September 13, 2010 trial date.

### V.  The Trial

The case will be tried on the clock.  The plaintiff will be allocated 1,000 minutes to present its case.  The defendants will be allocated 1,200 minutes to present their defense and cross-claim and third-party complaint.  The third-party defendants will be allocated 200 minutes to present their defense to the third-party complaint.  After a party has used 80% of its allocated time, the Court will consider a motion for additional time upon a showing of good cause.  The

---

[4] *See* Section VI, *infra.*

3

(1:07 CV 3424)

issue of good cause will be considered against the efforts of the parties to present a

comprehensive stipulation of undisputed facts.

### VI.  Defendants' Motion to Strike Jury Demand and Punitive Damages

Defendants have moved to strike plaintiff's jury demand and claim for punitive damages

(ECF 42 and 43), and plaintiff opposed the motion (ECF 154).  Defendants then moved to strike

plaintiff's opposition to defendants' motion to strike plaintiff's jury demand and claim for

punitive damages (ECF 159), which plaintiff opposed (ECF 161).  Defendants' motion to strike

plaintiff's opposition to defendants' motion to strike plaintiff's jury demand and claim for

punitive damages (ECF 159) is DENIED.

The issue of the whether a matter is triable by jury is of great importance.[5]  Consequently,

the Court intends to schedule for oral argument defendants' motion to strike plaintiff's jury

demand and claim for punitive damages.  In several weeks, the Court will publish a separate

Order for the purpose of setting a hearing date on defendants' motion.

### VII.  Mediation

Any court-ordered mediation will require a motion by counsel for all parties consenting

to mediation.  The Court, upon motion, will submit the case to the ADR panel.  However,

counsel may wish to engage their own mediator for such a procedure.

---

[5] The Court, sitting by designation with the United States Court of Appeals for the Eleventh Circuit,
recently wrote an opinion on that topic in an appeal of a case involving a life insurance policy.  *See Mega
Life and Health Insurance Company v. Pienoizek,* 585 F.3d 1399 (11th Cir. 2009).

(1:07 CV 3424)

## VIII.  Conclusion

For the reasons discussed herein:

1.      Defendants' motion for summary judgment, ECF 51, is DENIED.

2.      Defendants' motion to strike plaintiff's sur-reply, ECF 158, is DENIED as moot.

3.      Defendants' motion to strike plaintiff's list of material facts in dispute, ECF 160, is DENIED as moot.

4.      Defendants' motion to strike plaintiff's response to defendants' motion to strike plaintiff's jury demand and claim for punitive damages, ECF 159, is DENIED.


IT IS SO ORDERED.


 March 12, 2010                                          /s/ David D. Dowd, Jr.   
            Date                                                      United States District Judge

5