DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Progressive Foods, LLC, ) | |
| ) | CASE NO. 5:07 CV 3424 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGMENT ENTRY |
| ) | |
| Dunkin Donuts, Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

For the reasons set forth in the Findings of Fact and Conclusions of Law filed contemporaneously with this Judgment Entry, the plaintiff is granted injunctive relief against the defendants in the context of the "Multiple Unit Store Development agreement," and dated September 1, 2004 (hereinafter the "SDA") which shall permit the plaintiff to select three additional sites for franchises to be issued by the defendants to the plaintiff during a three year period effective with the date of this Judgment Entry.

The first new site shall be selected and acquired by the plaintiff no later than six months from the date of this Judgment Entry. The second new site shall be selected and acquired by the plaintiff no later than 18 months from the date of this Judgment Entry. The third new site shall be selected and acquired by the plaintiff no later than 30 months from the date of this Judgment Entry.

(1:07 CV 3424)

The plaintiff shall provide notice to the defendants of the fact and acquisition of a new site within 30 days of the acquisition.

The plaintiff shall be provided franchise rights by the defendants for the newly selected site upon receipt of the above notice.

The plaintiff shall have a period of 12 months to construct and open the necessary building to house the franchise operation once notice is given of the acquisition of the new site.

The plaintiff shall give the defendants a 30 day notice when it will open the new site for the franchise business and the defendants will provide the plaintiff with the same procedures, advice, assistance it gives to other new franchise operators.

In the event the plaintiff fails to comply with the above procedures for the opening of the new franchises, the plaintiff will forfeit the rights herein set forth as a part of the injunctive relief.

The Court shall retain jurisdiction in this case to oversee the carrying out the injunctive relief imposed herein.

Further for the reasons set forth in the Findings of Fact and Conclusions of Law filed contemporaneously with this Judgment Entry, judgment is awarded in favor of the plaintiff against the defendants, jointly and severally, in the sum of: a) $36,000 for breach of defendants' obligations to plaintiff; plus b) $150,000 for losses at the Mentor Site; plus c) $100,000 for losses at the Chardon Site; plus d) $50,000 for losses at the Euclid Site.

(1:07 CV 3424)

Further, for the reasons set forth in the Findings of Fact and Conclusions of Law filed contemporaneously with this Judgment Entry, judgment is awarded in favor of the counterclaim/third-party plaintiffs and against the counterclaim/third-party defendants, jointly and severally, the sum of $100,000 based on the defendants' counterclaim/third-party complaint.

The Court's $100,000 judgment against the third-party defendants shall be offset against the Court's $336,000 judgment in favor of plaintiff against the defendants, and the obligation of the individual third-party defendants shall thereby be deemed satisfied.  Accordingly, the net damages award in favor of plaintiff and against defendants, jointly and severally, is $236,000, to be paid by defendants to plaintiff within 30 days of this Judgment Entry.

Each party to bear their own costs and attorney fees.


IT IS SO ORDERED.


  February 14, 2011                            */s/ David D. Dowd, Jr.*
Date                                           David D. Dowd, Jr.
                                               U.S. District Judge