DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Progressive Foods, LLC, ) | |
| ) | CASE NO. 1:07 CV 3424 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| Dunkin' Donuts Incorporated, et al., ) | |
| ) | |
| Defendants and Plaintiffs in ) | |
| Counterclaim and Third Party ) | |
| Complaint, ) | |
| ) | |
| v. ) | |
| ) | |
| Eitan Flank, et al., ) | |
| ) | |
| Third Party Defendants. ) | |

The Court previously conducted a bench trial and entered findings of fact and conclusions of law (ECF 217) and a judgment entry (ECF 218) resolving the parties' contract dispute. The Court's judgment entry (ECF 218) is the subject of an appeal and cross-appeal before the Sixth Circuit Court of Appeals. *See* 219 and 222.

After the defendants filed their appeal, they moved for a stay of enforcement of the Court's money judgment in favor of plaintiff pending appeal without supersedeas bond, and for stay of enforcement of the Court's injunctive relief in favor of plaintiff (ECF 220), which is presently pending before this Court. Plaintiff has opposed the motion (ECF 223 and 225), and defendants have replied (ECF 226).

For the reasons contained herein, defendants' motion is DENIED IN PART with respect to the motion for a stay of the Court's money judgment entry without bond, and GRANTED IN

(1:07 CV 3424)

PART with respect to the motion for stay of the Court's injunctive judgment entry subject to the Court's determination of the terms of a bond to secure such stay of injunctive relief.

## I.  THE JUDGMENT ENTRY

In general terms, the parties' dispute in this case revolved around store development and franchise agreements for Dunkin' Donut/Baskin Robbins stores between plaintiff as franchisee, certain defendants as franchisor, and certain defendants involved in the franchise development process.  After a lengthy bench trial, the Court made findings of facts and conclusions of law which resulted in the following judgment entry, which provides in relevant part as follows:

> For the reasons set forth in the Findings of Fact and Conclusions of Law filed contemporaneously with this Judgment Entry, the plaintiff is granted injunctive relief against the defendants in the context of the "Multiple Unit Store Development agreement," and dated September 1, 2004 (hereinafter the "SDA") which shall permit the plaintiff to select three additional sites for franchises to be issued by the defendants to the plaintiff during a three year period effective with the date of this Judgment Entry.
> The first new site shall be selected and acquired by the plaintiff no later than six months from the date of this Judgment Entry. The second new site shall be selected and acquired by the plaintiff no later than 18 months from the date of this Judgment Entry. The third new site shall be selected and acquired by the plaintiff no later than 30 months from the date of this Judgment Entry.
> The plaintiff shall provide notice to the defendants of the fact and acquisition of a new site within 30 days of the acquisition.
> The plaintiff shall be provided franchise rights by the defendants for the newly selected site upon receipt of the above notice.
> The plaintiff shall have a period of 12 months to construct and open the necessary building to house the franchise operation once notice is given of the acquisition of the new site.
> The plaintiff shall give the defendants a 30 day notice when it will open the new site for the franchise business and the defendants will provide the plaintiff with the same procedures, advice, assistance it gives to other new franchise operators.
> In the event the plaintiff fails to comply with the above procedures for the opening of the new franchises, the plaintiff will forfeit the rights herein set forth as a part of the injunctive relief.
> The Court shall retain jurisdiction in this case to oversee the carrying out the injunctive relief imposed herein.

(1:07 CV 3424)

In addition to the injunctive relief awarded as described above, the Court also awarded monetary relief to the plaintiffs in the sum of $236,000, which includes an offset of $100,000 awarded by the Court in favor of the third-party plaintiffs against the third-party defendants.

As earlier mentioned, the Court's judgment entry is the subject of an appeal and cross-appeal before the Sixth Circuit Court of Appeals.

## II.  MOTION FOR STAY

Defendants and plaintiffs-in-counterclaim have moved the Court for an order pursuant to Federal Rules of Civil Procedure 62(c) and (d) and Federal Rules of Appellate Procedure 8(a) for a stay of the Court's judgment entry pending appeal without the filing of a bond.  The motion seeks to stay both the monetary and injunctive relief awarded by the Court.

## III.  LAW AND ANALYSIS

A.      Stay of Monetary Judgment Pending Appeal

1.      Rule 62(d)

Rule 62(d) of the Federal Rules of Civil Procedure provides that:

> **(d) Stay with Bond on Appeal**
>
> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2).  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Rule 62(d) "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."  *Titan Tire Corp. of Bryan v. United Steel Workers of America, Local 890L*, 2010 WL 815557 at *1 (C.A. 6) (quoting *Arban v. West Publ'g Corp.,* 345 F.3d 390, 409 (6th Cir. 2003)).  The application of Rule 62(d)'s automatic stay is restricted to

3

(1:07 CV 3424)

judgments for money because a bond may not adequately compensate a non-appealing party for losses resulting from the stay of a non-monetary judgment. *Titan Tire Corp. of Bryan v. United Steel Workers of America, Local 890L*, 2010 WL 815557 at *1 (quoting *Herbert v. Exxon Corp.,* 953 F.2d 936, 938 (5th Cir. 1992)). However, district courts have the discretion to order the stay of a monetary judgment without requiring a supersedeas bond if the losing party demonstrates the financial ability to pay the money judgment presently and during the period of the appeal.[1]

2.  Plaintiff's Judgment of $236,000

In this case, the money judgment in favor of plaintiff is $236,000. Defendants are concerned that without a stay of execution of the money judgment in favor of plaintiff, plaintiff would be unable to repay the money awarded in the event the Court's judgment is reversed.

Defendants have filed financial statements and the affidavit of Arthur J. Anastos, managing counsel for Dunkin' Brands, Inc., the parent corporation of Dunkin' Donuts Franchised Restaurants LLC and its affiliates, who are successors in interest for the named defendants in this case. According to Mr. Anastos' affidavit and exhibits thereto, in 2009, the assets of Dunkin' Donuts Franchising were $40,286,000 and its net income was $119,903,000, and the assets of Baskin-Robbins Franchising LLC were $15,960,000 and its net income was $17,670,000. ECF 220-3. Defendants conclude that because of the vast disparity between

---

[1] In determining whether a district court's decision to grant a stay without bond was an abuse of discretion, the Sixth Circuit quoted with favor the Seventh Circuit in noting that "an inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Arban v. West Publ'g Corp.,* 345 F.3d at 409 (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)).

(1:07 CV 3424)

Dunkin' Donuts and Baskin-Robbins assets and income, and the judgment against them, defendants should not be required to post a bond pending appeal of the Court's judgment in favor of plaintiff for $236,000.

In opposition to defendants' motion for stay of money judgment pending appeal, plaintiff acknowledges that Rule 62(d) entitles defendants to a stay as a matter of right, but argues that stay is "expressly contingent upon the posting of a court-approved supersedeas bond." ECF 223. Further, plaintiff argues that defendants' showing of the financial wherewithal to support their motion for stay without bond asserts the financial resources of entities which are not defendants to the litigation.

3. Analysis

In this case, the filing of a supersedeas bond pursuant to the requirements of Rule 62(d) would serve to protect both plaintiff and defendants from their concerns that the other side will not pay the judgment or repay the judgment, respectively, should they prevail on appeal. The requirement of a bond balances and protects the parties' interests and is not a mere formality that should be waived simply because defendants may have the financial wherewithal to pay the judgment if they do not prevail on appeal, and the ability to pay does not entitle defendants to an unsecured stay. To the extent that the Court has discretion to stay execution of plaintiff's money judgment without bond, the Court declines to exercise such discretion. *See Gonter v. General Dynamics*, 2006 WL 3783140 (N.D. Ohio).

Accordingly, motion to stay execution of the Court's monetary judgment in favor of plaintiff without a supersedeas bond is DENIED. The Court will grant a stay of execution the

(1:07 CV 3424)

monetary judgment in favor of $236,000 upon submission by defendant and the approval by the Court of a supersedeas bond for the full amount of the judgment, interest on the judgment while the appeal is pending at the statutory interest rate, and costs.[2]

B.     Stay of Injuntive Relief Pending Appeal

   1.     Rule 62(c)

Rule 62(c) of the Federal Rules of Civil Procedure permits the district court to stay a judgment for injunctive relief pending appeal on bond or other terms that secure the opposing parties' rights. In deciding whether to stay the judgment for injunctive relief, the Court considers the traditional four factors governing injunctive relief: 1) likelihood of success on the merits; 2) irreparable harm to the applicant absent a stay;[3] 3) substantial injury to other parties interested in the proceeding; 4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776

---

[2] Rule 62(d) is silent regarding the form and amount of a supersedeas bond required. However, former Federal Rule of Civil Procedure 73(d) is often cited by federal courts as a relevant standard. *See e.g. Cashman Equipment Corp. v. United States Fire Insurance,* 2008 WL 5000355 at * 2 (E.D. Pa.). Rule 73(d) provides in pertinent part:
> Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have a surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed for if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs , interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will recover the whole amount of the judgment remaining unsatisfied, costs on appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond . . . .

[3] In evaluating harm, the Court considers three factors: 1) substantiality of injury alleged; 2) likelihood of occurrence; and 3) adequacy of proof provided. *Michigan Coalition of Radioactive Materials Users Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).

6

(1:07 CV 3424)

(1987). To justify a stay, the moving party need not always establish a high probability of success on the merits and the probability of success that must be established is inversely proportional to the amount of irreparable injury the moving party will suffer if the stay is not granted. *Michigan Coalition of Radioactive Materials Users Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

> 2. Judgment for Injunctive Relief that Plaintiff be Allowed to Select, Acquire, Construct and Open Three Additional Dunkin' Stores

In this case, the Court's entry for injunctive relief directs that plaintiff be allowed to open three more Dunkin' franchises and establishes a timetable for doing so. The site selection and acquisition for the first franchise must be accomplished in six months.

In defendants' motion for stay, defendants assert that "there are serious questions with respect to the Court's post-trial conclusions of law." Further, defendants contend that allowing plaintiff to develop three more stores will result in irreparable financial risk for all parties if defendants prevail on appeal, but if defendants do not prevail on appeal, plaintiffs will not be harmed by a stay because the franchise development can re-commence subject to the same timeline set forth in the judgment entry now on appeal.

Plaintiff opposes the imposition of a stay with respect to the development of three additional Dunkin' stores and disputes defendants' argument that plaintiff will not be harmed by a stay of developing three more Dunkin' franchises. As expected, plaintiff disagrees with defendants' position that defendants will likely prevail on appeal and that defendants will suffer irreparable injury if store development proceeds and the Court is then reversed. Further, plaintiff contends that a delay in store development will harm plaintiff because of increased real property

7

(1:07 CV 3424)

values, construction costs, fuel costs, and other costs related to real estate development. Alternatively, plaintiff requests that if the Court grants a stay with respect to store development, that plaintiff be protected through the duration of the stay by a bond and that, should plaintiff prevail on appeal, the entire timetable for store development re-commence on the first day after the date on which the stay is lifted.

    3.     Analysis

The Court is not persuaded by defendants' argument that its judgment entry will be overturned on appeal. However, the Court finds that the defendants' concerns about the impact of going forward in the face of reversal, and plaintiff's concerns about the impact of a stay in the case of an affirmance, are well -taken. In balancing defendants' likelihood of success on the merits with the significant impact on defendants of unwinding franchises established and in progress if no stay is granted, and on plaintiff of increased costs if development is delayed, the Court concludes that a stay is appropriate to protect the defendants and that it is also appropriate to require that defendants post a bond to protect the plaintiff.

Plaintiff is granted leave until May 11, 2011 to propose the amount and conditions of a bond to secure a stay of the Court's judgment entry in plaintiff's favor for injunctive relief. Defendants are granted leave until May 18, 2011 to respond, and plaintiff may reply by May 25, 2011.

## IV.  CONCLUSION

Defendants' motion for a stay of the Court's judgment entry in favor of plaintiff for the sum of $236,000 without bond is DENIED. Defendants shall either immediately pay plaintiff's

8

(1:07 CV 3424)

monetary judgment as previously ordered, or produce forthwith a proposed supersedeas bond for the Court's consideration. The Court will grant a stay of execution of the monetary judgment in favor of plaintiff in the sum of $236,000 upon submission by defendants and the approval by the Court of a supersedeas bond.

The Court will defer issuing a stay of the Court's judgment entry of injunctive relief in favor of plaintiff to develop three Dunkin' franchises until such time as the parties' briefing on the amount and condition of the bond is complete and the Court determines the terms of the bond.

IT IS SO ORDERED.

| | |
|---|---|
| April 26, 2011 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |